IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES O. WALL, II, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-1050-WKW |
| ) | |
| FRANK A. MOULTRIE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On December 9, 2011, at 1:28 p.m., Defendant Frank A. Moultrie filed a Notice of Removal (Doc. #1), removing the Verified Complaint here from the Circuit Court of Autauga County, Alabama. Defendant describes this lawsuit, which is brought by Plaintiff Charles O. Wall and Autauga Automotive LLC, as "relat[ing] to the ownership interests of [Plaintiff] Wall and [Defendant], in a Ford automobile dealership valued, according to Plaintiffs, at more than $1,000,000.00." (Not. of Removal ¶ 2 (Doc. # 1).)  He seeks to invoke this court's removal jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1332(a), claiming that he and Plaintiffs are citizens of different states and that complete diversity of citizenship exists between Plaintiffs and Defendant. (Not. of Removal ¶ 6.)

The removal of this case comes seven days after the state circuit court judge entered a Temporary Restraining Order ("TRO") and one business day prior to the TRO's expiration, which is tonight at midnight. The TRO enjoined Defendant

> from holding a meeting of the Members of [Plaintiff] Autauga Automotive, LLC and taking the actions as set forth in the Notice of Special Meeting of Members of Autauga Automotive, LLC to be conducted on December 5, 2011, and from any additional actions by Defendant to sell Autauga Automotive, LLC or its assets and to take any further actions that are detrimental to the best interest of Autauga Automotive, LLC, the automotive dealership arrangement held by it or of [Plaintiff] Charles O. Wall, II.

(TRO ¶ 1 (Ex. to Not. of Removal).) The TRO further provides that the order will expire December 12, 2011, "at midnight," unless good cause is shown for its extension or Defendant "consents that it may be extended for a longer period." (TRO ¶ 4.) In the TRO, the state circuit court judge also sets this case for a preliminary injunction hearing for today at 1:00 p.m. (TRO ¶ 2.)

In response to the Notice of Removal, Plaintiffs filed a Motion for Temporary Restraining Order in this court on today's date, December 12. (Pls.' Mot. for TRO (Doc. # 2).) Plaintiffs point out that the state circuit court judge "[o]f course . . . cannot extend the duration of his order because the case is no longer in his court." (Pls.' Mot. for TRO ¶ 31.) They argue that, "[b]ecause the removal deprives [Plaintiffs] of their opportunity to obtain the preliminary injunction to which they are

entitled before the expiration of the protection of the current Temporary Restraining Order, [Defendant] is using gamesmanship to try to obtain a window of opportunity in which to take action to irreparably harm [Plaintiffs]." (Pls.' Mot. for TRO ¶ 32.)

Plaintiffs further assert that they "intend to file a Motion to Remand in this case as soon as possible" because "[f]rom the face of the Verified Complaint, it is evident that no diversity of citizenship exists in this matter." (Pls.' Mot. for TRO ¶ 37.) There is no diversity of citizenship, according to Plaintiffs, because Defendant is a member of Plaintiff Autauga Automotive, LLC, and, thus, "[w]hatever [Defendant's] citizenship, it is necessarily shared by Autauga Automotive [LLC]." (Pls.' Mot. for TRO ¶ 37 n.2.) Notwithstanding the absence of subject matter jurisdiction, Plaintiffs assert that they "deserve and require the Court's protection during the time between the expiration of the existing Temporary Restraining Order and a hearing on their pending request for a preliminary injunction." (Pls.' Mot. for TRO ¶ 37.) They assert that Defendant "should not be allowed to use his improper removal to evade that preliminary injunction hearing."[1]  (Pls.' Mot. for TRO ¶ 37.)

Diversity jurisdiction "requires complete diversity – every plaintiff must be diverse from every defendant." *Palmer v. Hosp Auth. of Randolph Cnty.*, 22 F.3d

---

[1] Counsel for Plaintiffs represent that they have provided a copy of their Motion for Temporary Restraining Order to counsel for Defendant on this date, December 12, "via email." (Pls.' Mot. for TRO ¶ 35.)

1559, 1564 (11th Cir. 1994). Mr. Moultrie is the sole Defendant. He is sued not only by Plaintiff Wall, an individual, but also by Autauga Automotive, LLC, of which the removal papers clearly establish Defendant is a member. (*See* Annamarie W. Jones's Aff. 1 (Ex. D to Doc. # 1) (attesting that Defendant Frank A. Moultrie is a member of Plaintiff Autauga Automotive, LLC; *see also* Amendment to Articles of Organization for Autauga Automotive LLC (Ex. C to Doc. # 1).) It matters not whether Defendant is a citizen of Florida, as he says, or whether he is a citizen of Alabama, as the Verified Complaint alleges. Because a limited liability company "is a citizen of any state of which a member of the company is a citizen," *Mallory & Evans Contractors & Eng'r, LLC v. Tuskegee Univ.*, No. 11-10940, 2011 WL 6015801 (11th Cir. 2011) (published), there is not complete diversity between Defendant Moultrie and Plaintiff Autauga Automotive, LLC.

Even though there is not yet a motion to remand pending, "the district court may – and, indeed, must – remand a removed case *sua sponte* '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Taylor v. Phillips*, No. 10-10485, 2011 WL 4445828, at *2 n.3 (11th Cir. Sept. 27, 2011) (quoting 28 U.S.C. § 1447(c)); *see also Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006) ("[F]ederal courts are duty bound to consider their subject matter jurisdiction sua sponte."). Diversity of citizenship jurisdiction is

absent, and, thus, the removal was improper.  This action must be remanded back to state court.

It follows that because there is no jurisdiction in federal court, this court has no authority to enter any order restraining the challenged conduct.  Plaintiffs cite no authority for their argument that a motion for a temporary restraining order can be entertained when subject matter jurisdiction is plainly lacking in cases where the improper removal is particularly egregious.  The court is sympathetic, however, to Plaintiffs' plight.  If Plaintiffs' accusations are correct, *i.e.*, that Defendant removed this case on the eve of the expiration of the state court's TRO for the purpose of ensuring its expiration and averting the scheduled preliminary injunction hearing set this date in state court, then the court will entertain a motion for costs, attorney's fees or other appropriate sanctions.  *See, e.g.*, § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  This court, however, plainly lacks subject matter jurisdiction and, thus, is powerless to grant the interim relief requested by Plaintiffs.  *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation and internal quotation marks omitted).

Accordingly, it is ORDERED that this case is REMANDED *sua sponte* to the Circuit Court of Autauga County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further ORDERED that the court will entertain a motion for costs and attorney's fees incurred as a result of the improper removal, pursuant to § 1447(c), and/or for other appropriate sanctions, if appropriate, if such a motion is filed on or before **January 6, 2012**.

DONE 12th day of December, 2011.

                                      /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE