IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES O. WALL, II, and <br> AUTAUGA AUTOMOTIVE, LLC, <br> an Alabama Limited Liability <br> Company, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK A. MOULTRIE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:11-CV-1050-WKW [WO] <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Before the court is Plaintiffs' Motion for Sanctions against Defendant Frank Moultrie. (Doc. # 7.) Plaintiffs have submitted a brief supporting the imposition of sanctions under 28 U.S.C. § 1447(c). (Doc. # 15.) Defendant has responded. (Doc. # 16.) Upon careful consideration of the briefs and arguments of the parties, the court concludes that Plaintiffs' Motion for Sanctions is due to be granted in part and denied in part.

Plaintiffs argue that Mr. Moultrie lacked any objectively reasonable basis for removing this action and, thus, he should be assessed with costs and expenses pursuant to § 1447(c). This section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal." § 1447(c).  The decision to award costs and expenses is within the sole discretion of the trial court.  The standard that governs the award of costs and fees is whether "the defendants in this action acted reasonably on the basis of the information available at the time of removal."  *Howard Griggs Trucking Inc. v. Am. Cent. Ins. Co.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995).  Sanctions under § 1447 apply "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011).

   Removal from state court was premised on diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. # 1.)  Mr. Moultrie argued that there was complete diversity between him and both Plaintiffs, who were Alabama citizens.  However, Plaintiff Autauga Automotive, LLC, is a limited liability company.  The removal papers claimed Mr. Moultrie was a member of Autauga Automotive, LLC, and a limited liability company "is a citizen of any state of which a member of the company is a citizen."  *Mallory & Evans Contractors & Eng'r, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).  Complete diversity was absent on the initial pleading because Autauga Automotive, LLC, would be a citizen of any state where Mr. Moultrie could claim citizenship.  Accordingly, this court found that it lacked subject matter jurisdiction over the removed action and remanded this case *sua sponte* when

2

considering Plaintiffs' motion for a temporary restraining order ("TRO"). (Doc. # 3.) Mr. Moultrie moved for reconsideration of the remand order (Doc. # 5), arguing for the first time that Autauga Automotive, LLC, was fraudulently joined, but this motion was procedurally foreclosed. (*See* Doc. # 13.)

The extensive and zealous arguments put forward by Mr. Moultrie have been carefully considered. Mr. Moultrie's position is that sanctions are not warranted because diversity jurisdiction actually existed but for the fraudulent joinder of Autauga Automotive, LLC, and the court should have allowed Mr. Moultrie to amend the removal petition to add this new ground within the thirty-day period provided by 28 U.S.C. § 1446(b) or pursuant to 28 U.S.C. § 1653. To this end, Mr. Moultrie cites *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294 (11th Cir. 2009). He argues that the *sua sponte* remand was in error in this case and that, therefore, removal was not incorrect or sanctionable. *Artjen* is distinguishable, however. *Artjen* concerned a *sua sponte* remand based upon a procedural defect pertaining to an omission of the citizenship of a party. *Id.* at 1295–96. Here, the removal petition, which alleged solely that diversity of citizenship of all named parties was the basis for federal removal jurisdiction, was followed by Plaintiffs' TRO motion, because the state court TRO was set to expire. The ruling on the TRO that the court lacked subject matter jurisdiction led to the *sua sponte* remand. This

3

ruling was not based upon the mere omission of a party's citizenship or deficient allegations with respect to a party's citizenship, but rather upon affirmative allegations that a limited liability company was suing one of its members. Those affirmative allegations facially destroyed diversity of citizenship. *See Mallory*, 663 F.3d at 1305. The *sua sponte* remand was for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c), and the law is well established that the district court is required to "remand a removed case *sua sponte* '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Taylor v. Phillips*, 442 F. App'x 441, 443 n.3 (11th Cir. 2011) (quoting § 1447(c)). Mr. Moultrie presents no authority that the failure to allege fraudulent joinder (that one of the plaintiffs, Autauga Automotive, LLC, was an improper party) is merely a procedural defect in the removal petition, such as was at issue in *Artjan*, and the court is aware of no authority.[1]

Accordingly, there was no objectively reasonable basis for removal. Therefore, it is ORDERED that the Motion for Sanctions (Doc. # 7) is GRANTED in part and

---

[1] Even if Mr. Moultrie had raised his argument for fraudulent joinder in his removal petition, it is dubious whether there would have been a reasonably objective basis for that ground. *See generally Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (Removing defendants bear a heavy burden of establishing fraudulent joinder.). Namely, Plaintiffs present persuasive reasons to reject Mr. Moultrie's argument that Plaintiff Wall did not have the right to sue for the LCC (Doc. # 7 at 13) and note that the operating agreement allows the sole manager of the business, Mr. Wall, to manage the business affairs of the company, *i.e.*, to sue on its behalf.

DENIED in part. The motion is GRANTED to the extent that the court finds that an award of attorneys' fees is appropriate for services rendered through December 20, 2011, the date of the filing of the request for sanctions. In reaching this conclusion, the court has considered the attorney affidavits provided by both sides, as well as the billing documents.

Having carefully reviewed the legal tasks performed, the rates charged and the time expended in light of the guidelines set out in *Norman v. Housing Authority*, 836 F.2d 1292, 1299–1304 (11th Cir. 1988), the court concludes that the hourly rates and expended hours through December 20, 2011, are reasonable and that Plaintiffs' counsel has sufficiently borne the burden of supplying specific and detailed evidence that justifies the necessity of the time expended and the reasonableness of the attorneys' fees and costs incurred through that date. This determination is made in light of the legal work required to respond to the numerous motions and filings in this case. (*See* Doc. # 15, Ex. A.) Plaintiffs' attorneys were required to review and respond to Defendant's Notice of Removal (Doc. #1) and Defendant's Motion to Reconsider (Doc. # 5). Counsel was also required to address the implications for the state court TRO, and had to research, draft, and file a new motion for a TRO (Doc. # 2). Additionally, counsel had to file responses to Defendant's Motion to Reconsider (Doc. # 7). These reasonable fees were necessarily incurred by William

R. Cunningham, Ann Kaufmann, Lee M. Russell Jr., W. Allen Sheehan and Barbara J. Wells.  In conjunction with research costs ($178.60), a total amount of $11,841.60 is due to be awarded to Plaintiffs.  It is ORDERED, however, that Plaintiffs' motion for fees incurred after December 20, 2011, is DENIED.

Accordingly, it is ORDERED that counsel for Plaintiffs shall HAVE and RECOVER from Mr. Moultrie $11,841.60 in attorney's fees and expenses, for which let execution issue.

DONE this 10th day of September, 2012.

                                                  /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE